UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEACOAST COMMERCE BANK, <br><br> Defendant. | Case No.:  18cv2591-L(BLM) <br><br> ORDER REMANDING ACTION TO STATE COURT |

Defendant Seacoast Commerce Bank removed this disabled access action from state court pursuant to 28 U.S.C. §§1331 and 1441.  For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). Defendant's notice of removal is based on 28 U.S.C. §1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant claims federal question exists in this case because Plaintiff references the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") in the complaint, although Plaintiff chose to assert only a state law claim under the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* ("Unruh Act"). It appears that Defendant removed the case because discrimination under the ADA is a possible basis for an Unruh Act violation. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51). Plaintiff referenced an ADA violation as one of the alternative bases for liability under his Unruh Act claim. (Compl. at 10.) Plaintiff did not allege a separate ADA claim.

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks, brackets and citation omitted). "[T]he plaintiff is the 'master' of [his] case, and if []he can maintain [his] claims on both state and federal grounds, []he may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, Plaintiff chose to allege only a state law claim. In such cases, the claim "arises under" federal law only if the claim necessarily raises a stated federal issue, which is actually disputed and substantial, and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Gunn v. Minton,* 568 U.S. 251, 258 (2013). Where, as here, a state law claim incorporates a federal standard as an element of one of alternative theories of liability, the federal issue is not *necessarily* raised, and the claim does not "arise under"

federal law.  *Ultramar Am. Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir. 1990); *see also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810 (1988); *Duncan*, 76 F.3d at 1486.

Accordingly, Defendant has not met its burden of establishing removal jurisdiction.  Because the notice of removal fails to establish federal jurisdiction, this action is REMANDED to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated:  November 15, 2018

Hon. M. James Lorenz
United States District Judge

18cv2591-L(BLM)